## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN; and IRON WORKERS LOCAL NO. 103 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS,<br><br>        Plaintiffs,<br><br>vs.<br><br>G&M STEEL LLC, an Indiana Limited Liability Company;<br><br>        Defendant. | Case No.: 3:25-cv-214 |

## COMPLAINT

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds"), and IRON WORKERS LOCAL NO. 103 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS ("Local 103"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, G&M STEEL LLC ("G&M Steel"), and allege as follows:

### JURISDICTION AND VENUE

1.  Count I of this action arises under Section 502 and 515 of the Employee Retirement Income

Security Act of 1974, as amended (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145), and Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of Count I pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Count II alleges breach of the Installment Payment Agreement between Plaintiffs and G&M Steel entered into in July 2025 ("Payment Agreement"). The Court has supplemental jurisdiction over the subject matter of Count II pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Defendant is located within the jurisdiction of the United States District Court for the Southern District of Indiana, Evansville Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to a collective bargaining agreement ("CBA") between Local 103 and the Tri-State Iron Workers Contractors Association Inc., and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

5. The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

6. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7. Local 103 is a labor organization located in Evansville, Indiana and is part of the Iron Workers St. Louis District Council.

8. The Local 103 CBA requires contributions to the Trust Funds, as well as several ancillary

funds.

9. Defendant G&M Steel is an Indiana Limited Liability Company with its principal place of business in Rockport, Indiana.

## FACTS COMMON TO ALL COUNTS

10. G&M Steel is an employer engaged in an industry affecting commerce.

11. G&M Steel is signatory to a Participation Agreement with the Trust Funds. (A copy of the Participation Agreement is attached hereto as **Exhibit 1**).

12. Through the Participation Agreement, G&M Steel agreed to be bound by the provisions of the Trust Funds' respective Trust Agreements.

13. G&M Steel is also signatory to an Acceptance Agreement with Local 103. (A copy of the Participation Agreement is attached hereto as **Exhibit 2**).

14. Through the Acceptance Agreement, G&M Steel agreed to be bound by the provisions of the CBA for Local 103. (**Exhibit 2**).

15. Pursuant to the provisions of the CBA and Trust Agreements, G&M Steel is obligated to make monthly reports of hours worked by its covered employees and pay fringe benefit contributions to the Trust Funds and certain contributions and wage deductions to Local 103 at the negotiated rates.

16. Pursuant to the Trust Agreements, the Trustees of the Trust Funds adopted an Audit and Collection Policy and Procedures ("Collection Policy"), which governs the collection of employer contributions and the performance of payroll compliance audits. (A copy of the Collection Policy is attached hereto as **Exhibit 3**).

17. Pursuant to Section 502(g)(2) of ERISA, the CBA, the Trust Agreements, and the Collection Policy, employers that fail to submit their monthly contribution reports and/or

17. [continued] contribution payments to the Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a half percent (1.5%) per month from the original due date is charged until the contributions are paid in full.

18. Pursuant to Section 502(g)(2) of ERISA, the CBA, the Trust Agreements, and the Collection Policy, employers who fail to submit their contribution reports and/or contribution payments to the Trust Funds in a timely manner are also responsible for the payment of reasonable attorneys' fees and costs associated with collecting the delinquent contributions.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

19. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-18 of this Complaint with the same force and effect as if fully set forth herein.

20. G&M Steel failed to submit its monthly contribution payments to the Trust Funds for work performed by its employees within the trade and territorial jurisdiction of Local 103 for the work months of June and July 2025, and therefore owes Plaintiffs $57,976.74 in contributions, liquidated damages, and interest, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| June 2025 | Contributions/Wage Deductions | $15,757.76 |
| June 2025 | Liquidated Damages | $1,575.78 |
| June 2025 | Interest* | $719.79 |
| July 2025 | Contributions/Wage Deductions | $35,323.42 |
| July 2025 | Liquidated Damages | $3,532.34 |
| July 2025 | Interest* | $1,067.65 |
|  | **Total:** | **$57,976.74** |

*Interest calculated as of October 1, 2025.

21. G&M Steel has also failed to submit its contribution report for the work month of August 2025, and therefore owes Plaintiffs contributions, wage deductions, liquidated, and interest in an unknown amount.

22. G&M Steel has a continuing obligation to pay contributions and wage deductions to Plaintiffs and, as a result, additional monies may be owed.

23. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from G&M Steel.

24. G&M Steel is obligated to pay the reasonable attorneys' fees and court costs incurred by the Trust Funds pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant G&M Steel in the aggregate amount of $57,976.74, itemized below:

  i. $51,081.18 in contributions and wage deductions for June and July 2025;

  ii. $5,108.12 in liquidated damages for June and July 2025; and

  iii. $1,787.44 in interest for June and July 2025;

B. Defendant G&M Steel be ordered to produce its contribution report for the work month of August 2025, along with any subsequent contribution reports that should become due during the pendency of this action;

C. Judgment be entered in favor of Plaintiffs and against Defendant G&M Steel in an unknown amount for all contributions, wage deductions, liquidated damages, and interest revealed to be due and owing by Defendant G&M Steel's contribution report for the work month of August 2025;

D.     Judgment be entered in favor of Plaintiffs and against Defendant G&M Steel for any other contributions, wage deductions, liquidated damages, and/or interest found to be due and owing in addition to the those referenced in paragraphs A and C above;

E.     Defendant G&M Steel be ordered to pay the reasonable attorneys' fees and costs incurred by the Trust Funds pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

F.     Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant G&M Steel's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF THE INSTALLMENT PAYMENT AGREEMENT

25. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-24 of this Complaint with the same force and effect as if fully set forth herein.

26. In July 2025, G&M Steel entered into a Payment Agreement with the Trust Funds for payment of the principal balance of $465,448.36. (A copy of the Payment Agreement is attached hereto as **Exhibit 4**).

27. Pursuant to the Payment Agreement, G&M Steel is required to make thirty-five (35) monthly payments in the amount of $9,780.76 to the Trust Funds, beginning on July 15, 2025, and ending on May 15, 2025, followed by one lump sum payment of $158,832.80 on June 15, 2028. (**Exhibit 4**).

28. Paragraph 4 of the Payment Agreement provides:

> G&M further agrees to submit all other Contribution Remittance Reports and payments to the Trust Funds during the term of this Second Agreement in a timely manner, beginning with the Contribution Remittance Report for June 2025. Failure by G&M to submit the Contribution Remittance Reports and payments in a timely manner shall constitute a default of this Second Agreement.

(**Exhibit 4**).

29. Paragraph 8 of the Payment Agreement provides:

> In the event G&M defaults on any obligation under the terms of this Second Agreement, (a) all remaining payments shall be accelerated [and] become immediately payable; (b) G&M hereby confesses judgment for any and all outstanding amounts due under this Second Agreement; (c) an additional liquidated damages charge of ten percent (10%) of all unpaid amounts shall become due and payable by G&M; (d) the Trust Funds may file a lawsuit without notice against G&M for any outstanding balance owed pursuant to this Second Agreement; and (e) in the event the Trust Funds are required to engage an attorney to collect any amounts due under this Second Agreement, G&M shall be liable for all reasonable attorneys' fees and costs incurred by the Trust Funds.

(**Exhibit 4**).

30. G&M Steel failed to submit its ongoing contributions for the work months of June, July, and August 2025.

31. Pursuant to Paragraph 8 of the Payment Agreement, the Trust Funds accelerated the remaining installments required by the Payment Agreement and assessed liquidated damages equal to ten percent (10%) of the remaining installments. As a result, G&M owes $441,707.35 in principal and $44,170.73 in liquidated damages to the Trust Funds.

32. G&M Steel is obligated to pay the reasonable attorneys' fees and court costs incurred by the Trust Funds pursuant to Paragraph 8(e) of the Payment Agreement.

**WHEREFORE**, Plaintiffs respectfully requests that:

A. Judgment be entered in favor of Plaintiffs and against Defendant G&M Steel in the aggregate amount of $485,878.08, itemized as follows:

  i. $441,707.35 in principal under the Payment Agreement; and

  ii. $44,170.73 in liquidated damages for breaching the Payment Agreement.

B. Defendant G&M Steel be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the Payment Agreement.

 Respectfully Submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 754-8720
Facsimile: (312) 255-0449
decker@johnsonkrol.com

*One of Plaintiffs' Attorneys*